**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO LOPEZ-AMAYA, | No. 09-71102 |
| Petitioner, | Agency No. A099-475-547 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Antonio Lopez-Amaya, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Lopez-Amaya did not suffer past persecution because, even considered cumulatively, the three isolated threats by unknown individuals over an eight-year period did not rise to the level of persecution.  *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Substantial evidence also supports the IJ's finding that Lopez-Amaya failed to establish his fear of persecution is well-founded  because he remained unharmed in El Salvador for four years after he received the last threat.  *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006).  Accordingly, his asylum claim fails.

Because Lopez-Amaya failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the IJ's denial of CAT relief because Lopez-Amaya failed to establish it is more likely than not he will be tortured upon return to El Salvador.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**